UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | NOS.  CR-05-0034-WFN |
| Plaintiff, ) | CR-00-0001-WFN |
| ) | |
| -vs- ) | |
| ) | ORDER |
| MICHAEL D. PIRELLO, ) | |
| ) | |
| Defendant. ) | |

A sentencing and supervised release violation hearing was set for October 20, 2005. The Defendant, who is in custody, was present and represented by John Perry; Assistant United States Attorney Joseph Harrington represented the Government; United States Probation Officer Brenda Challinor was also present. Pending before the Court was Defendant's Motion to Withdraw Guilty Plea, filed October 18, 2005 (Ct. Rec. 46). Defense counsel contends that the Court's statement at the first sentencing hearing regarding an upward departure for criminal history and its consideration of facts outside the Plea Agreement form a fair and just reason for withdrawal. The Government opposed the Motion.

The Court has reviewed the file and Defendant's Motion and is fully informed. This Order is entered to memorialize the oral rulings of the Court. Accordingly,

**IT IS ORDERED** that:

**CR-05-0034-WFN**

1. Defendant's Motion to Withdraw Guilty Plea, filed October 18, 2005, **Ct. Rec. 46**, is **GRANTED**.

ORDER - 1

2. Defendant's guilty plea is **WITHDRAWN**.

3. The District Court Executive is directed to **RESTART** Defendant's speedy trial clock effective immediately.

4. A jury trial is set for **December 12, 2005, at 1:00 p.m., in Spokane**, Washington.

5. A final pretrial conference is set for **December 12, 2005, at 11:00 a.m., in Spokane,** Washington.

6. Trial briefs, motions in limine, requested voir dire, witness and exhibit lists, and a set of proposed **JOINT JURY INSTRUCTIONS** shall be filed and served on or before **November 28, 2005**.

Jury instructions should only address issues that are unique to this case, and shall include instructions regarding the elements of each claim, any necessary definitions and a proposed verdict form.

The Joint Proposed Jury Instructions shall include:

(a) The instructions on which the parties agree; and

(b) Copies of instructions that are disputed (i.e., a copy of each party's proposed version of an instruction upon which they do not agree). All jury instructions from the most current edition of the Ninth Circuit Manual of Model Jury Instructions may be proposed by number. The submission of the Joint Proposed Jury Instructions will satisfy the requirements of LR 51.1(c).

On or before **November 28, 2005**, each party shall address any objections they have to instructions proposed by any other party in a memorandum. The parties shall identify the specific portion of any proposed instruction to which they object and shall elaborate the basis for the objection. Objections asserting that an instruction sets forth an incorrect statement of law shall describe the legal authority that supports this objection. Failure to file an objection and supporting argument may be construed as consent to the adoption of an instruction proposed by another party.

ORDER - 2

7. An additional pretrial conference shall be held **November 21, 2005, at 8:30 a.m., in Spokane,** Washington.

    (a) All additional motions shall be filed and served no later than **November 9, 2005**;

    (b) Responses shall be filed and served no later than **November 16, 2005**.

8. Indigent Defendants' requests for issuance of subpoenas and payment of costs and fees for trial witnesses shall be filed no later than ten (10) days before trial, excluding weekends and holidays.

9. The following procedures shall be utilized at trial:

    (a) The Court will conduct the majority of voir dire but allow counsel 10 minutes to ask additional questions or to do more in depth exploration of issues raised by the Court;

    (b) A total of 14 jurors will be selected. Plaintiff shall have 7 peremptory challenges; Defendant shall have 11 peremptory challenges. The challenges shall be exercised simultaneously.

    (c) Regular trial hours shall be from 8:30 a.m. to 12:00 noon, and 1:00 to 4:30 p.m.;

    (d) The jurors will be provided with notebooks for note-taking and a copy of preliminary instructions;

    (e) Documents published to the jury by counsel shall be collected at the conclusion of trial each day or following a witness's testimony regarding the published document;

    (f) Examination of witnesses shall be limited to direct, cross, redirect and recross. FED. R. EVID. 611(a);

    (g) Counsel are encouraged to limit requests for sidebars by anticipating legal and evidentiary issues so that the issues may be addressed before trial begins each day, during the lunch hour, or after trial hours;

ORDER - 3

(h) During trial, counsel are encouraged to exchange lists of the next day's witnesses and exhibits so that objections or legal issues may be anticipated and resolved outside the normal trial hours;

(i) Counsel shall have the next witness to be called to testify available on the Ninth Floor, to avoid delay; and

(j) An attorney's room for the Plaintiffs and for the Defendants is available on the Ninth Floor. Counsel may checkout keys from chambers staff to the counsel rooms for use during days of trial.

(k) If the Defendant is represented by CJA appointed counsel, the indigent Defendant's requests for issuance of subpoenas and payment of costs and fees for trial witnesses shall be filed no later than ten (10) days before trial, excluding weekends and holidays. Defense counsel may request, as needed, that the motion and order be filed under seal. Defense counsel shall prepare a proposed order that includes the following language:

> 1) That the United States Marshal shall serve the subpoenas on the witnesses identified by name, address and phone number. The subpoena shall state when the witnesses' appearance is requested;
>
> 2) The subpoenaed individual shall contact the United States Marshal in the District in which they are served so that the Marshal may make travel arrangements, for those witnesses requiring such arrangements;
>
> 3) Defense counsel shall contact the Case Administrator in the District Court Executive's office, 509-353-2150, to obtain information on how to make lodging arrangements for those witnesses requiring lodging; and
>
> 4) Any witness fees and per diem allowances shall be paid by the Government after the witness has testified. Requests for advance payment shall be directed to the United States Marshal in the district in which the witness is served or the United States Marshal in the district in which the witness is present to provide testimony.

(l) Counsel are informed that no CJA money is available to pay per diem expenses for indigent Defendants. Should an indigent Defendant require transportation to the

ORDER - 4

1 trial, housing and meals during the trial, defense counsel shall apply for such travel and costs
2 no later than ten (10) days, excluding weekends and holidays, prior to the date of the trial.

### **CR-00-0001-WFN**

10. The supervised release violation hearing in this matter will follow resolution of Case No. CR-05-0034-WFN.

The District Court Executive is directed to file this Order and provide copies to counsel.

**DATED** this 20th day of October, 2005.

10-20

                                        s/ Wm. Fremming Nielsen
                                        WM. FREMMING NIELSEN
                              SENIOR UNITED STATED DISTRICT JUDGE

ORDER - 5